NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALLEN HAMMLER,

        Plaintiff-Appellant,

  v.

SCOTT KERNAN, Secretary of CDCR; M.
SIMAS, Correctional Officer,

        Defendants-Appellees.

No.   20-15774

D.C. No. 1:19-cv-00497-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Allen Hammler appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v.*

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Hammler's First Amendment claim because Hammler failed to allege facts sufficient to show that defendants took an adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context).

The district court did not abuse its discretion in denying Hammler's motion for reconsideration because Hammler failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**